In the Matter of the Claim for Benefits under Article 18 of the Labor Law, Made by SYLVIA PERRY, Claimant.

WESTERN PERISHABLE CARLOAD RECEIVERS ASSOCIATION OF NEW YORK, INC., Employer, Appellant; FRIEDA S. MILLER, as Industrial Commissioner, Respondent.

Third Department, May 7, 1941.

*Tolbert, Ewen & Patterson* [*Clifford S. Bostwick, Joseph D. Nunan, Jr.,* and *Douglas H. Thayer* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor-General, W. Gerard Ryan* and *Francis R. Curran, Assistant Attorneys-General,* of counsel], for the Industrial Commissioner.

HILL, P. J.   Appeal by the Western Perishable Carload Receivers Association of New York, Inc., from a decision of the Unemployment Insurance Appeal Board which determined that the association was the employer of the claimant Sylvia Perry and that she is entitled to be credited with her earnings of twenty-five dollars a week for the year 1938.   The appellant is a membership corporation comprising most of those who receive vegetables and fruits in carload lots at the various railroad terminals or piers in New York and New Jersey for sale in the New York market.   The United States government, acting through the Bureau of Agricultural Economics, Department of Agriculture, is empowered by the laws of the United States to inspect the incoming shipments and to issue certificates as to condition and salability.   The inspection and issuance of the certificate is not required by the government, but it is desired by members of the association in connection with claims against shippers and against railroad and transportation companies for delay.   There is a written contract between the Agricultural Bureau and the association which required the latter in the beginning to advance $3,000 " which shall be deposited in the special fund hereinbefore mentioned, and shall be credited to the parties supplying the same as a payment in advance of inspection fees under this agreement."   Each member of the association is required to make an estimate of the number of carloads to be received and inspected and to pay two dollars per car into the special fund.   The association agrees that any carload receiver of fruits and vegetables in the New York area will be admitted to membership under the same conditions which apply to all other members.   The government receives fifteen cents per carload inspected " as an offset to the general Federal overhead expense of this work."   Inspectors and clerks are selected by government officials.   They are each paid by the association from the fund made up as earlier stated.   In the event that fund exceeds by $3,000 the amount deemed necessary to conduct the business of inspection it is returned *pro rata* to those who contributed.   The Agricultural Bureau may make payments from any funds which it has available, but the association is required to repay each month any sum advanced.

The inspection is solely for the benefit of the members of the association.   There is no governmental requirement that it shall be made.   The inspectors and clerks are selected by the Agricultural Bureau because the truthfulness of the certificates depends upon their veracity and the good name of a bureau of the Federal government is involved.   This employee had none of the benefits incident to employment by the United States government; she was not permitted to be a member of the retirement system; she worked for

the benefit of the association and received her pay from a fund made up by its members. Her selection by the Federal bureau for the reason outlined did not affect the relation of employer and employee that existed between her and the association.

The decision of the Unemployment Insurance Appeal Board should be affirmed, with costs.

HEFFERNAN, SCHENCK and FOSTER, JJ., concur; CRAPSER, J., dissents and votes to reverse the decision of the Unemployment Insurance Appeal Board and to reinstate the decision of the referee.

Decision affirmed, with costs to the Industrial Commissioner.